FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRAVEEN KEVIN KHURANA,<br><br>                 Appellant,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY, et al.,<br><br>                 Appellees. | NO. 2:25-CV-0432-TOR<br><br>ORDER DISMISSING THIS CASE AS DUPLICATIVE |

    BEFORE THE COURT is Appellant's duplicate appeal. This Court has jurisdiction under 28 U.S.C. 158, this Court has jurisdiction over bankruptcy appeals for final judgments, interlocutory orders and leave of the Court for other interlocutory appeals. 28 U.S.C. 158(a).

    Plaintiffs "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). To determine when an action is

ORDER DISMISSING THIS CASE AS DUPLICATIVE ~ 1

duplicative of prior litigation, the Ninth Circuit uses "the transaction test, developed in the context of claim preclusion." *Id.* at 689. In applying the transaction test, courts examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 689.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This case is **DISMISSED** as duplicative of the case at 2:25-CV-0430-TOR.

2. All pending motions are **DENIED** as moot.

The District Court Executive is directed to enter this Order and Judgment, and furnish copies to the parties.

DATED January 23, 2026



THOMAS O. RICE
United States District Judge

ORDER DISMISSING THIS CASE AS DUPLICATIVE ~ 2